United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 15-18684-amc
Maria Gabriela Diaz                                                   Chapter 13
Walter Ernesto Diaz
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4        User: admin              Page 1 of 2              Date Rcvd: Dec 13, 2019
                            Form ID: 3180W           Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 15, 2019.
db/jdb         +Maria Gabriela Diaz,    Walter Ernesto Diaz,    2037 Huntington Lane,    Easton, PA 18040-8483
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,   Eighth and Washington Streets,    Reading, PA 19601
smg            +Dun & Bradstreet, INC,   3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,   17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,   633 Court Street,    Second Floor,   Reading, PA 19601-4300
13729168       +Jose C. Campos, Esquire,    The Law Offices of Jose C. Campos,    251 E. Broad St.,
                 Bethlehem, PA 18018-6267
14268773       +Lakeview Loan Servicing, LLC,   c/o Flagstar Bank, FSB,    P. O. Box 660263,
                 Dallas, TX 75266-0263
13732070        Wells Fargo Bank, N.A,   P.O. Box 45038 MAC Z3057012,    Jacksonville, FL 322325038

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 14 2019 02:56:04
                 Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA   17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 14 2019 02:56:38     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13659821        EDI: HNDA.COM Dec 14 2019 07:43:00     American Honda Finance Corporation,
                 National Bankruptcy Center,   P.O. Box 168088,   Irving, TX 75016-8088,    866-716-6441
13686272       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 14 2019 02:59:47     CACH, LLC,
                 PO BOX 5980,   DENVER, CO 80217-5980
13729782        EDI: Q3G.COM Dec 14 2019 07:43:00     Department Store National Bank,    c/o Quantum3 Group LLC,
                 PO Box 657,   Kirkland, WA 98083-0657
13724332        E-mail/PDF: resurgentbknotifications@resurgent.com Dec 14 2019 02:59:24
                 LVNV Funding, LLC its successors and assigns as,    assignee of CitiFinancial, Inc.,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
13705029       +EDI: MID8.COM Dec 14 2019 07:43:00     MIDLAND FUNDING LLC,    PO BOX 2011,
                 WARREN, MI 48090-2011
13685987        EDI: Q3G.COM Dec 14 2019 07:43:00     Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,   Kirkland, WA 98083-0788
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2019                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 12, 2019 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    JPMorgan Chase Bank, NA paeb@fedphe.com
              JOSE C CAMPOS    on behalf of Joint Debtor Walter Ernesto Diaz jc@jccamposlaw.com,
               sbennett@jccamposlaw.com
              JOSE C CAMPOS    on behalf of Debtor Maria Gabriela Diaz jc@jccamposlaw.com,
               sbennett@jccamposlaw.com
              JOSEPH ANGEO DESSOYE    on behalf of Creditor    JPMorgan Chase Bank, NA paeb@fedphe.com
              KEVIN G. MCDONALD    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              ROLANDO   RAMOS-CARDONA    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    JPMorgan Chase Bank, NA paeb@fedphe.com

```
District/off: 0313-4          User: admin                Page 2 of 2              Date Rcvd: Dec 13, 2019
                              Form ID: 3180W             Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
                                                                                                 TOTAL: 10

Case 15-18684-amc    Doc 81    Filed 12/15/19    Entered 12/16/19 00:35:13    Desc Imaged
Certificate of Notice    Page 2 of 4

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Maria Gabriela Diaz** | Social Security number or ITIN  **xxx–xx–1744** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Walter Ernesto Diaz** | Social Security number or ITIN  **xxx–xx–4096** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **15–18684–amc** | | |

# Order of Discharge                                                                                                                     12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Maria Gabriela Diaz                                         Walter Ernesto Diaz
fka Maria Gabriela Rios                                  fka Waldimar Diaz

12/12/19                                                         **By the court:**    <u>Ashely M. Chan</u>
                                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**